# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:06-CV-383-MR-DCK

| | |
|---|---|
| WESTERN SURETY COMPANY, )<br> )<br>       **Plaintiff,** )<br> )<br>       v. )<br> )<br>BECK ELECTRIC COMPANY, INC., )<br>and JAMES E. BECKER, )<br> )<br>       **Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Compel Discovery Responses" (Document No. 37) and "Brief In Support Of Motion To Compel" (Document No. 38) filed July 30, 2007; Defendants' "Motion to produce records, documents, etc., for all cases, Including but not limited to ..." (Document No. 40) filed October 4, 2007; and Plaintiff's "Motion To Extend Mediation Deadline" (Document No. 41) filed October 23, 2007. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and are now ripe for review.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will <u>grant</u> Plaintiff's motions to compel and extend, and <u>deny</u> Defendant's motion to produce.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Western Surety ("Plaintiff") filed its "Complaint" (Document No. 1) in this action on September 7, 2006 seeking specific performance and alleging a breach of contract. Plaintiff's claims stem from a written agreement it entered into with Defendants entitled "General Indemnity Agreement" ("GIA"). Plaintiff contends that pursuant to the GIA, the Defendants agreed "to

indemnify and hold Western Surety harmless for any demands, liabilities, losses, costs, penalties, obligations, interest, damages or expenses of whatever kind of nature...." (Complaint at ¶ 10). Plaintiff "is engaged in the business of writing contracts for suretyship and bonds for and on behalf of building and construction contractors, which are conditioned upon said contractors faithfully performing their contracts...." (Complaint at ¶ 8). Plaintiff contends it provided performance and payment bonds on behalf of Defendant Beck Electric in connection with various construction projects and subsequently paid claims of subcontractors and suppliers to those projects that Defendant Beck Electric failed to pay. In the instant lawsuit Plaintiff asserts that the Defendants are jointly and severally liable to it for the losses it incurred paying claims related to various Beck Electric projects.

The Court terminated two of the named Defendants from the lawsuit, Jenna and Enrique Pagan, following a stipulation of dismissal (Document No. 30) filed February 2, 2007. On February 26, 2007, the Clerk of Court issued an "Entry of Default" (Document No. 32) as to Defendants Rachel and Frank Roth. The Court also allowed counsel for the remaining Defendants, Beck Electric Company, Inc. and James E. Becker, to withdraw from the case on April 3, 2007. The remaining parties then filed a certification of initial attorney's conference on May 1, 2007 and the undersigned issued the "Pretrial Order And Case Management Plan" (Document No. 36) on May 4, 2007. That Order required discovery to be completed no later than November 1, 2007.

On July 30, 2007, Plaintiff filed the pending motion to compel alleging that the remaining Defendants had failed to respond to interrogatories, a request for production of documents, and a request for admissions. Defendants never responded to the motion to compel and to the Court's knowledge have yet to participate in discovery in this lawsuit. Defendants did file a "Motion to

produce..." (Document No. 40) seeking the production of documents by its former counsel on October 4, 2007.

Finally, on October 23, 2007 Plaintiff filed a "Motion to Extend..." (Document No. 41) the mediation deadline which is currently set for November 1, 2007. That motion affirms that Defendant has yet to respond to written discovery requests and suggests that mediation at this stage is unlikely to be productive. Disposition of all these pending motions is now appropriate.

## II. STANDARD OF REVIEW

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons have knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in this action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d

1134, 1139 (4th Cir. 1986) (same).

## III. DISCUSSION

### A. Motion to Compel

In the instant case, Plaintiff alleges that the Defendants' responses to discovery requests, including interrogatories and requests for production, are overdue. Plaintiff has provided sufficient evidence of requests for Defendants to return timely responses to discovery. Defendants have not filed any response to the "Motion to Compel...." The undersigned finds Plaintiff's requests reasonable and relevant, and orders that if full responses have not been provided by Plaintiff already, they must be provided immediately.

Federal Rule of Civil Procedure 37(b)(2) states:

> If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Particularly in light of Defendants' *pro se* status, the undersigned does not find that expenses or attorney's fees are appropriate at this time; however, continued dilatory conduct by Defendants may result in sanctions that could include a requirement to pay costs, including reasonable attorney's fees, and/or a judgment by default.

### B. Motion to Produce

The undersigned finds it ironic that, while Defendants have completely failed to participate in the exchange of discovery in this lawsuit, they seek to prevail upon the Court to order the

production of documents by their former counsel. Although Defendants are appearing *pro se*, a status that allows them some benefit of the doubt, the filing of this "Motion to produce..." demonstrates a basic awareness of the ongoing suit, as well as the capability to draft and file documents with the Court. Nevertheless, Defendants have not responded to Plaintiff's motion to compel or produced the requested information or materials.

Defendants' request for production states that it is made "pursuant to the Federal Rules of Civil Procedure" but does not indicate which rules are implicated or assert any other legal authority or grounds in support of their position. It is hard to imagine how much of the information sought would be relevant to the ongoing lawsuit in which the motion was made. Furthermore, there is no indication in the motion that Defendants attempted to confer with the Plaintiff (or their former counsel), as required by Local Rule 7.1(A), prior to filing this motion. The motion will therefore be denied.

### C. Motion to Extend

Considering the current posture of this case, the undersigned finds good cause for Plaintiff's motion to extend time for mediation and will grant that motion. The parties should make appropriate arrangements to ensure that the new deadline set below will be met.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Compel Discovery Responses" (Document No. 37) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' "Motion to produce..." (Document No. 40) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Extend Mediation Deadline"

(Document No. 41) is **GRANTED**.  The deadline for completing mediation *and filing a report on the results* is now **February 15, 2008**.  Pursuant to the "Pretrial Order and Case Management Plan" (Document No. 36), the motions deadline is **December 1, 2007**.

<u>The Clerk of Court is directed to send copies of this Order by certified U.S. Mail to Defendants at the address provided in Document No. 40</u>.

**SO ORDERED**.

Signed: October 26, 2007

David C. Keesler
United States Magistrate Judge