# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:06-CV-383-MR-DCK

| | |
|---|---|
| WESTERN SURETY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BECK ELECTRIC COMPANY, INC., ) | |
| and JAMES E. BECKER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Defendants' "Request motion to modify Order..." (Document No. 43). The Court construes this motion as a Motion to Reconsider and a Motion To Appoint Counsel. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and immediate review is appropriate.

Having fully considered the argument, the record, and the applicable authority, the undersigned will deny Defendants' motion.

**Motion To Appoint Counsel**

Litigants do not have a constitutional right to the appointment of counsel in civil litigation. A court may in its discretion appoint counsel for an indigent litigant where a case presents exceptional circumstances. Factors courts have considered in the past include: 1) financial ability to retain counsel, 2) efforts to retain counsel, 3) the merits of the case, and 4) whether the party is able to represent himself or herself in the litigation. Tyson v. Pitt County Government, et al., 919 F.Supp. 205, 207 (E.D.N.C. 1996). An example of a case in which the Fourth Circuit Court of Appeals found counsel should have been appointed by a district court involved a plaintiff who was

uneducated and in prison. Whisenant v. Yuam, 739, F.2d 160 (4th Cir. 1984).

The filing of the *pro se* Defendants in this instance does not sufficiently indicate exceptional circumstances justifying the appointment of counsel. Therefore, the Court will deny that part of the motion, without prejudice to the ability of the Defendants to bring the motion again in a pleading that adequately describes exceptional circumstances. Without pre-judging any future filing, the Court does note that the appointment of counsel in a civil matter such as this is unlikely.

**Motion To Reconsider**

The bulk of Defendants' current motion is construed by the Court as a motion to reconsider the undersigned's previous Order (Document No. 42) which denied Defendants' "Motion to produce..." (Document No. 40). The relief Defendants seek seems to primarily be the production of various documents and information from John Buric, former counsel to the Defendants. Considering Mr. Buric is not a party to this lawsuit, it is not clear what, if any, information sought by Defendants is relevant *to this lawsuit*. The Defendants' request seems more directed toward a possible grievance against Mr. Buric and his law firm, not to the merits of the case currently pending before this Court.

The Court takes no position on the merit or lack of merit of a possible grievance against Mr. Buric or his firm. However, the undersigned does not believe this Court – and this lawsuit – is the proper forum for the Defendants' grievance. If the Defendants are in a dispute with their former counsel, the Court encourages them to seek a resolution with Mr. Buric and his firm, or if necessary, to engage in the appropriate Bar grievance process. Meanwhile, as far as this lawsuit is concerned, the Court expects Defendants to fully comply with the Pretrial Order and Case Management Plan (Document No. 36) and the Court's prior Order (Document No. 42) granting Plaintiff's "Motion to

Compel...."

**IT IS, THEREFORE, ORDERED** that Defendant's "Request motion to modify Order..." (Document No. 43) is **DENIED.**

Signed: November 13, 2007

David C. Keesler
United States Magistrate Judge