# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:06cv383

| | |
|---|---|
| WESTERN SURETY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| BECK ELECTRIC COMPANY, INC., ) | |
| JAMES E. BECKER, FRANK LOTH & ) | |
| RACHEL LOTH, ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's motion for summary judgment.

In accordance with the decision of the United States Fourth Circuit Court of Appeals in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Defendants are cautioned that they carry a heavy burden in responding to a motion for summary judgment.

Rule 56(e) of the Federal Rules of Civil Procedure provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine

> issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**Fed.R.Civ.P. 56(e).**

This language means that if the Defendants have any evidence to offer to show that there is a genuine issue for trial, they must now present it to the Court in a form which would otherwise be admissible at trial; that is, in the form of affidavits or unsworn declarations. An affidavit is a written statement made under oath; in other words, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted.

In April 2007, the Magistrate Judge allowed the attorney representing Defendants Beck Electric Company, Inc. and James E. Becker to withdraw from their representation. As a result, both Defendants are now left without counsel, no attorney having filed a notice of appearance on their behalf. "It has been the law for the better part of two centuries...that a corporation may appear in federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993). "While [28 U.S.C. § 1654] allows [James Becker] to prosecute his own actions *in propria persona*, that right is personal to him, and absent some other statutory authorization, [James Becker] has no authority to [defend] an action in federal court on behalf of others than himself." Stoner v. Santa Clara

County Office of Education, ___ F.3d ___ 2007 WL 2556936 (9th Cir. 2007); Myers v. Loudoun County Public Schools, 418 F.3d 395 (4th Cir. 2005); Navin v. Park Ridge Sch. Dist., 270 F.3d 1147, 1149 (7th Cir. 2001) (stating *pro se* litigants lack authority to represent the interests of other parties).

As a result, Defendant Beck Electric Company, Inc. is provided notice that it must appear through counsel or face entry of judgment against it.

**IT IS, THEREFORE, ORDERED** that Defendant Beck Electric Company, Inc. shall appear through counsel on or before twenty (20) days from entry of this Order or it may face entry of judgment against it.

**IT IS FURTHER ORDERED** that Defendant James Becker shall respond to the motion for summary judgment on or before twenty (20) days from entry of this Order. Affidavits or statements must be presented, if at all, by the Defendant, to this Court within 20 days from the entry of this Order. As stated in Rule 56(e), the Defendants' failure to respond may result in the entry of judgment against said Defendants.

Signed: November 15, 2007

Martin Reidinger
United States District Judge